# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ronny Earl Rigsby (#78824), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50363 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| C/O John Egerere, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [4] is granted. However, although Plaintiff has not officially notified the Court of any change of address, recent mail sent to Plaintiff at the address he provided has been returned as undeliverable. As Plaintiff's location is unclear, if Plaintiff is currently incarcerated, the Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $49.37 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Winnebago County Jail. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1]; (2) issue summonses for service on Defendants Egerere, Moore, Schabacker, Cox, and Davis by the U.S. Marshal; and (3) send Plaintiff five blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order, to Plaintiff's address of record, and to Plaintiff, C/O Ms. Louie Stewart, 315 S. Independence, Rockford, IL 61103. [See Dkt. 3, at 1]. The Court advises Plaintiff that a completed USM-285 (service) form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. The U.S. Marshal is appointed to serve Defendants Egerere, Moore, Schabacker, Cox, and Davis. If Plaintiff is no longer incarcerated, he must promptly (within fourteen days of the date of this order) notify the Court in writing of his new address and complete and submit a new application for leave to proceed in forma pauperis, which includes up-to-date information regarding his resources.

## STATEMENT

Plaintiff Ronny Earl Rigsby, then a detainee in Winnebago County Jail (WCJ) who may since have been released, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, regarding jail correctional officers' alleged use of force against him in 2015, while he previously was serving a 30-day sentence for retail theft in the WCJ. Specifically, Plaintiff alleges that, on September 11, 2015, Defendant C/O Egerere ordered him to lock down, Dkt. 1, at 5, 6. C/O Egerere repeated the lockdown order, screaming it with profanity. Plaintiff refused the order and

told Egerere to "call [his] backup crew." As backup arrived, Defendant Sergeant Moore began handcuffing Plaintiff. *Id*. at 6-7. Plaintiff did not resist, but Egerere then grabbed Plaintiff's neck and "slammed [Plaintiff's] body forward and slammed [the] right hand side of [his] face to the concrete [] floor" twice. *Id*. at 7. Egerere "then stepped around Sgt. Moore a little and . . . proceed to stump [Plaintiff] in [his] back with his right knee 'one-time severely hard.'" *Id*. Defendants Moore, C/O Schabacker, C/O T. Cox, and C/O Davis, among others, helped Plaintiff up and took him to the medical unit for treatment. *Id*. at 7-8. Egerere later told Plaintiff that he did not know Plaintiff only had one leg, and it had just been "one-of-them-days" in which he was stressed from overseeing two jail "pods." *Id*. at 8-9. Plaintiff seeks monetary damages for Egerere's uses of force and emotional anguish, as well as for Egerere's employment to be terminated. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

The Court first addresses the filing fee for this case. Plaintiff's application for leave to proceed *in forma pauperis* establishes that Plaintiff cannot prepay the filing fee and is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $49.37 to the Clerk of Court for payment of the initial partial filing fee; and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

If Plaintiff is no longer incarcerated, he must promptly notify the Court in writing of his new address and also complete and submit a new application for leave to proceed *in forma pauperis* that provides up-to-date information regarding his resources. The Court notes that Plaintiff was a prisoner, for the purposes of the Prison Litigation Reform Act, when he brought this action, and he accordingly remains responsible for payment of the full statutory filing fee. 28 U.S.C. § 1915(b)(1).

The Court next turns to a review of Plaintiff's complaint. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen pro se prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Plaintiff's complaint, "liberally construed, [] and drawing all reasonable inferences in his favor," *see Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (citations omitted), contains facts sufficient to state federal claims against Defendants Egerere, Moore, Schabacker, Cox, and Davis. The Court discerns the following federal claims. First, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable federal cause of action as to Defendant Egerere's use of force in slamming Plaintiff's face to the concrete floor and kneeing him in the back while he lay there. *See Wilkins v. Gaddy*, 559 U.S. 34, 38-40 (2010) (explaining that intentional use of excessive force by prison guards against inmate without penological justification constitutes cruel and unusual punishment).

Second, taking Plaintiff's factual allegations as true, although it is a closer call, the complaint also states a claim as to the remaining Defendants' failure to protect Plaintiff from Egerere's use of force. The Eighth Amendment protects pretrial detainees from deliberate indifference to their safety and welfare; jail officials may violate this by failing to take appropriate steps to protect inmates from known substantial risks to their safety. *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (emphasizing "the long-established rule that "[a]n official satisfies the personal responsibility requirement of § 1983 if she acts or *fails* to act with a deliberate or reckless disregard of the plaintiff's constitutional rights") (citation omitted). Under this rule, a state actor who has "reason to know" that "excessive force was being used" or that a "constitutional violation has been committed" and also has "a realistic opportunity to intervene to prevent the harm from occurring" may violate a person's rights by failing to act reasonably to prevent that harm. *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *see also Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) ("Even as a bystander, however, [a jail official] can be held liable under § 1983 if [plaintiff] can show that [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring.) (citing *Chavez,* 251 F.3d at 652; *Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005)).

Accordingly, all Defendants must respond to the complaint. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants Egerere, Moore, Schabacker, Cox, and Davis. The Clerk of Court is directed to mail Plaintiff five blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant for whom summons has issued. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for

that Defendant is received. Plaintiff must therefore complete and return a service form for each named Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendants Egerere, Moore, Schabacker, Cox, and Davis. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of the Winnebago County Jail who can no longer be found at the work address provided by Plaintiff, officials there must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court finally addresses Plaintiff's letter dated November 16, 2016, in which he raises issues related to his more recent 2016 incarceration at WCJ. In particular, he attacks the underlying reasons for his confinement. These incidents are not raised in the complaint, and, given the passage of time between the incident raised in the complaint and current events, which apparently involve different personnel, the Court does not understand them to be claims related to those in the complaint. If, after conducting some legal research, Plaintiff believes his allegations support a federal claim, he should bring that as a separate lawsuit, subject to the fee requirements of the Prisoner Litigation Reform Act, as set forth above. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). The Court expresses no opinion as to the merits of any claims related to Plaintiff's 2016 incarceration.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Date: January 13, 2017

4